UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

*FILED*

2007 DEC -5 PM 4:30

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case Number: **07CR1164-LAB** |
| Plaintiff, ) | |
| ) | **'07 CV 2285    LAB** |
| ) | DEFENDANT'S OBJECTIONS TO THE |
| vs. ) | COURT'S IMPOSITION OF |
| ) | PROBATION / SUPERVISED RELEASE. |
| ) | |
| MONTES_RUIZ,JAVIER, ) | |
| Defendant. ) | |

**(A).-        STATEMENT OF THE ISSUES PRESENTED**

1.-Whether the District Court has Jurisdiction to revoke Defendant's
   Supervise Release term.

2.-Whether Supervised Release would be properly revoke when the
   Government "did not" provide with the conditions that
   Mr. Montes-Ruiz,Javier     is charged with violating.

3.-Whether the imposition of Probation / Supervise Release is
   proper when the relevant Title 8 U.S.C. § 1326 does not
   mandate the imposition of that separte sentence.

Montes-Ruiz,Javier.
Reg. No.: 84693-198.
California City Correctional Center
P.O. Box 2590
California City, CA 93504

**IN PROPRIA PERSONA**

-1-

**(B).-**

## STATEMENT OF THE CASE

**COMES NOW,** the defendant Mr.Montes-Ruiz,Javier                , in Pro Se, and respectfully moves this Honorable Court to grant this motion in the interest of justice, and pursuant to all of applicable laws and rules of the United States.

And in support thereof the defendant would show this honorable Court as follows.

**1).-** This motion is in opposition of the **Revocation and Warrant for arrest** filed in the District of  California                , stating the following Violation;

Allegation; **Violation of Standard Condition 1:**

You shall not commit another Federal, State, or local crime during the term of Supervision Grade B Violations Section 7B1.1(a) (2).

**2).-** Defendant Mr.Montes-Ruiz,Javier                , respectfully moves this Honorable Court to dismiss the alleged violation, arguing that the supervised release should not be revoked because he did not receive the proper proceedings, directions, stating all the conditions to which the term of supervised is subjet to in accordance with the obligations on probation officers, required by statute.

**3).-** Defendant raises three objections to the revocation of supervised release, alleged in the **(Revocation Petition),** and **(Warrant for arrest);**

**I.-** Defendant Mr. Montes-Ruiz,Javier                , did not receive the proper notice of supervised release conditions. In accordance to Title  18 U.S.C. 3583 (f):

**It has been determine whether revocation of**

Supervised Release is an abuse of discretion
when defendant received no notice, written or
oral, that he was subject to standard
condition one. <u>See</u>: <u>United States v. Foster</u>,
500 F.2d 1241,1244(9th Cir.1974). (where defendant "was not
informed in any way" that certain duties were conditions of
his Probation.

Government's failure to comply with those duties could not
be a predicate for revoking Probation / Supervised Release.


// 

// 

// 

// 

// 

// 

// 

// 

// 

// 

// 

// 

// 

-3-

II.-    According to the Title 18 Section 3603 the probation officer shall have the following Duties-

(1) instruct a probationer or a person on supervised release, who is under his supervision, as to the conditions specified by the sentencing court, and provide him with a written statement clearly setting forth all such conditions;

(2) Keep informed, to the degree required by the conditions specified by the sentencing court, as to the conduct and condition of a probationer or a person on supervised release, who is under his supervision, and report his conduct and condition to the sentencing court;

(3) use all suitable methods, not inconsistent with the conditions specified by the court, to aid a probationer or a person on supervised release who is under his supervision, and to bring about improvements in his conduct and condition;

(4) be responsible for the supervision of any probationer or a person on supervised release who is known to be with the the judicial district;

(5) keep a record of his work, and make such reports to the Director of the Administrative Office of the United States Courts as the the Director may require;

(6) upon request of the Attorney General or his designee, assist in the supervision of and furnish information about, a person within the custody of the Attorney General while in work release, furlough, or other authorized release from his regular place of confinement, or while in prerelease custody pursuant to the provisions of section 3624(c);

(7) keep informed concerning the conduct, condition, and compliance with any condition of probation, including the payment of a fine or restitution of each probationer under his supervision and report thereon to the court placing such person on probation and report to the court any failure of a probationer under his supervision to pay a fine in default within thirty days after notification that it is in default so that the court may determine whether probation should be revoked;

(8)(A) when directed by the court, and to the degree required by the regimen of care or treatment ordered by the court as a condition of release, keep informed as to the conduct and provide supervision of a person conditionally released under the provisions of section 4243 or 4246 of this title, and report such person's conduct and condition to the court ordering release and to the Attorney General or his designee; and

(B) immediately report any violation of the conditions
of release to the court and the Attorney General or his
designee;
(9) if approved by the district court, be authorized to
carry firearms under such rules and regulations as the Director
of the Administrative Office of the United States Courts may
prescribe; and
(10) perform any other duty the court may designate.

        This particular section of the Title 18 is clear
and unambiguous and provides specific directions to probation
officers. Besides this statutory obligation is reinforced
by 3583 (f).


III.-    In addition Mr.Montes-Ruiz,Javier                    ,
contends that the district court lacks jurisdiction to revoke
his supervised release, because the warrant which was issued
was not **"SUPPORTED BY OATH OR AFFIRMATION"**,as required by
the fourth Amendment's        clause, United States v. Vargas-
Amaya ,389 F.3d 901.(2004)
——————,

                    **"A R G U M E N T S"**


I.-     The defendant's argument is that his supervised re-
lease **SHOULD NOT BE REVOKED** because:


        (1) The government did not produce sufficient evidence
that he violated standard condition **"ONE"** and;
        (2) He did not receive the conditions of supervised
release in writting standard as mandated by the Title 18
of the U.S.C. section 3583(f)and this is stated as follows:

            **Section 3583(f)** The court shall direct  the probation
            officer provide the defendant with a written state-
            ment that sets for all the conditions to which the
            term of supervised release is subject, and that is
            "sufficient clear"and specific to serve as a guide
            for the defendant's conduct and for such supervision
            as is required.


                        -5-

II.-    Defendant Mr.Montes-Ruiz,Javier Contends the District Court decision, under <u>Vargas-Amaya</u>, 389 F.3d 901 (9th Cir.2004). The District Court lacks Jurisdiction to revoke his Supervise Release, because the Warrant pursuant to which Mr Montes-Ruiz,J. was issued was not supported by oath or affirmation, as required by the Fourth Amendment's Warrant Clause 18 U.S.C. §3583(i).

A.- <u>Vargas-Amaya</u>, suggests that the requirement of the warrant clause apply even an arrest occurs during the term of supervised release. <u>See</u>: <u>Vargas-Amaya</u>, 389 F.3d at 905.

B.- Warrant clause creates a jurisdictional defect where revocation occurs before expiration of the supervise release term.

C.- District Court Jurisdiction to revoke supervised can be extended beyound the term of supervision under Title 18 U.S.C. § 3583(i), only if the warrant was issued upon probable cause", supported by oath or affirmation as required by the "Fourth Amendment". <u>See</u>: <u>Vargas-Amaya</u>, 389 F.3d at 907.

III.-    Defendant Mr Montes-Ruiz,Javier challenges the revocation of his supervise release as an abuse of discretion.

A.- Mr Montes-Ruiz,J. received no notice written nor oral that he was subject to standard condition one. <u>See</u>: <u>United States v. Foster</u>, 500 F.2d 1241-44 (9th Cir.1974). Where the defendant was not informed in any way that certain duties where conditions of his Probation. His failure to comply with those duties could not be a predicate for revoking his Probation.

B.- Title 18 U.S.C. § 3603, Imposes a number of obligations on Probation Officers. Including subsection (1) which provides in mandatory language that a Probation Officer shall instruct a Probationer or person on "supervised release" who is under supervision, as to the conditions specified by the sentencing Court and provide him with written statement clearly citing for all such conditions

C.- This statement is clear and unambiguous and provides specific direction to Probation Officers. This statutory obligation is reinforced by Title 18 U.S.C. § 3583(F), which imposes a similarly clear obligation on District Courts.

-6-

(D).- The Title 18 U.S.C. § 3583(F). Obligation of Probation Officers to provide defendant with written statement that sets for all the conditions to which the term of supervised release is subject.

VI.- Defendant Mr.Montes-Ruiz,J. claims that he was never given written nor oral notice, of his supervised release. Mr.Montes-Ruiz,J. advice this Honorable Court to review the sentencing transcript to confirmthis claim. See Robinson Rancheria Citizens Council v. Borneo Inc.., 971 F.2d 244 (9th Cir.1942). We should take notice of proceedings in other courts, both within and without the Federal Judicial System, if those proceedings have direct relation to matters at issue. (quoting) St.Louis Baptist Temple Inc. v. FDIC., 605 F.2d 1169,1172 (10th Cir.1979).

## CONCLUSIONS OF STATEMENT OF THE
## ISSUES PRESENTED (A)(1) and (2)

I.-     The Higher Court Holds:

                          Failure to provide the statutorily requirements "as written notice" will be tolerated only when the government proves that defendant received actual notice of the very condition that he is charged with violation.

## STATEMENT OF THE LAST ISSUE PRESENTED
## (A)(3)

I.-     Furthermore in regards to the third issue presented Mr.Montes-Ruiz,J.    states that Title 8 U.S.C. § 1326(a) does not mandate the imposition of a separate sentence. And in support thereof, the Defendant would show to this Honorable Court as follows:

                          1.) The imposition of supervised release
                              is not mandated by the fact of
                              imprisonment, or the fact of the
                              conviction. See: Title 8 U.S.C. §
                              1326, authorizes imprisonment and/or
                              a fine. It is irrelevant the term of

imprisonment is two, ten or twenty years,
because none of these sections authorize
the imposition of supervise release.

Title 18 U.S.C. § 3583(a): Provides, the
court in imposing a sentence of
imprisonment for felony or misdemeanor,
may include - as a part of sentence a
requirement that the defendant be place
on a term of supervised release after
imprisonment, except that the court shall
include as part of the sentence a require-
ment, that the defendant be placed on a
term of supervised only if such term is
required by statute or if the defendant
has been convicted for the first time of
domestic violence crime as define in §
3561(b).

Even before the Supreme Court desicion in <u>Booker</u> the court
could depart from the Guidelines and not to impose a term of
supervised release if it determines that supervised release
neither required by statute nor required for any of the following
reasons:

(1) to protect the public welfare;

(2) to enforce a financial condition;

(3) to provide drug or alcohol treatment or testing;

(4) to assist reintegration of the defendant into
community or;

(5) to accomplish any other sentencing purpose
**AUTHORIZED BY STATUTE** the only requirement that
may apply is the first of the requirements to
**PROTECT THE PUBLIC WELFARE** and no other.

It is respectfully submitted that the other requirements do
not apply to 8 U.S.C. §§ 1325 or 1326 cases, because illegal
re-entry, or being found in the United States, or attempted re-
entry into the United States is not violent crime. It is only
made serious because of the penalties imposed for the violation
of the statute. And in fact being illegal in the United States is a
MALA PROHIBITA, that is like running a stop sign, or red light while driving
a vehicle, the violator does not even have to be aware that he is committing
a crime.

-8-

## GROUNDS OF THE ISSUE PRESENTED
### (A) (3)

The Defendant Mr Montes-Ruiz,Javier    contents the eventual imposition of a term of incarceration of a violation of any conditions of supervised release would be invalid. When the relevant Title 8 U.S.C. § 1326 does not mandate the application of that separate sentence.

The supervise release revocation violates the rule Apprendi v. New Jersey, 530 U.S. 466 (2000), because it permits incarceration that is authorized not by the jury's verdict or the guilty plea, but by judicial fact-finding of the revocation facts under the preponderance standard without the benefit of a grand jury indictment.

The supervised release revocation scheme set forth in 18 U.S.C. § 3583(e)(3) and Fed. R. Crim.P.32.1 violates the Fifth and Sixth Amendments as interpreted in Apprendi for two reasons. First, on the day of his intial sentencing, the District Court had the authority to sentence him to serve zero days of his term of supervise release in prison.[1] Second, on the day of revocation, (If his supervise release was to be revoke) the District Court may gain the power to impose prison time by virtue of its own factual finding, may under the preponderance standard without the benefit of a grand jury indictment. Apprendi applies to supervise release revocation (If his supervise release was to be revoke) because the facts supporting defendant's conviction do not permit  the imposition of any portion of the term of supervise release to be served in prison. See: Booker, 543 U.S. at 244 (Apprendi holds that "[a]ny fact other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") The analogy to parole revocation drawn by the Ninth Circuit, and by other other Circuits, does not ameliorate these constitutional defects.

---

[1] See United States v. Bahe, 201 F.3d 1124,1130-31(9th Cir.2000).

In addition to the above, the USSG § 5B1.3(d)(6) requires that the government and the defendant make a stipulation of deportation in the plea agreement pursuant to Title 8 U.S.C. § 1228(c)(5) or (B), in order for the court to impose any supervised release sentence. In the absence of a stipulation of deportation if, after notice and hearing pursuant to such section, the Attorney General demonstrates by clear and convincing evidence that the alien is deportable, a condition ordering deportation by a United States District Court Judge.

In United States v. Liero, 298 F.3d 1175 (9th Cir.2002), Liero argued that the District Court was not authorized to impose Supervised Release in the first place and so lacked authority to punish him for violating its terms. Id. at 1176.

Pursuant to Apprendi, Supervised Release may not be imposed solely upon the fact of a conviction, or upon the imposition of imprisonment. Rather, before Supervised Release is authorized, Title 18 U.S.C. § 3583(c) mandates that the District Court consider specific sentencing factors. Thus, Supervised Release may only be imposed after an additional hearing at which the District Court considers relevant factors and the increase / imposed this penalty.

A term of Supervised Release becomes an authorized sentence only if there are Judicial not Jury findings of the relevant sentencing factors. Hence, Congress intended precisely that which has been prohibited by Apprendi:

"[The] Legislature remove[d] from the Jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed". See: Apprendi V. New Jersey, 530 U.S. 466 (2000).

Supervised Release is differnt  from parole, and probation for that
matter, because revocation of supervised release allows imprisonment
that was not authorized by the jury's verdict or guilty plea. Parole
revocation merely concerns service of a sentence already imposed
based on the jury's verdict, while probation revocation authorizes a
sentence that could have been imposed on the original date of
sentencing.

Similarly, labeling a revocation sentence as punishment for the
original offense does not change the fact that the jury's verdict
does not authorize service of the term of supervised release in prison.
See Apprendi, 530 U.S. at 494. Under Aprendi, it is " effects" no la-
bels, that matter, and the "effect" of a revocation finding is to per-
mit incarceration that was impossible based solely upon the facts
found by the jury underlying the guilty plea.

The defendant for the first time is addressing this Court and ar-
gumenting there has not been addressed before, quoting: that none of
the Circuits have addressed this amin point: because the jury verdict
or guilty plea do not authorize the requirement that any portion of
the term of supervised release be served in prison, the "effect" of
finding the fact of violation permits punishment that was not author-
ized at the time of the initial sentencing. Similarly, the reasoning
in Work is deficient because it does not account for Apprendi emphasis
on the "efect" of, rather than the label placed on, a particular
factual finding.See Apprendi, 530 U.S. at 494.

Hinson and Mc Neil repeat the errors in Work. Hinson states that
there is "no principled reason for treating revocation of supervised
release differntly from revocation of parole" with respect to" whether
a defendant is entitled to a jury trial to determine whether the terms
of supervised release have been violated"

The end result of a revocation is this: after the District Court
**(wrong decision)** finds by preponderance of the evidence **(the wrong
standard)** that are charged by the District Court through his pro-
bation officer **(the wrong accuser)** in a petition for a warrant or
summons **(the wrong charging instrument)** it would impose a sentence
that is not authorized by the Jury's verdict or the guilty plea:
a term of supervised release in prison if the judge approves a revo-
cation scheme.

But Apprendi teches that "the relevant inquiry is one not of form,
but of effect..does the required finding expose the defendant to a
greater punishment than the authorized by the Jury's verdict. Thus,
under Apprendi the question should be what is the effect of the dis-
trict court finding of the fact of a violation of terms of supervised
release? The answer is that such a finding authorizes imprisonment
that is not permitted by the jury's verdict or the guilty plea. In
other words the judge acquires the authority only upon finding some
additional facts. Consequently, Apprendi applies to that fact, a
result that is dictated by its effect.

### C O N C L U S I O N

For the reasons sets forth in this motion, the defendant
respectfully asks this Honorable Court to
dismiss his warrant/charge of supervised violation.

RESPECTFULLY SUBMITTED,

*Javier montes ruiz*

AFFIANT

**IN PROPRIA PERSONA**
**MONTES-RUIZ, JAVIER.**

Haines v. Kerner, 404 U.S. 519

(1972).

(Pro Se Complaint, which we hold
to less stringent standards than
formal pleadings drafted by
lawyers.)

Dated: 11/28/07

−**13**−

CERTIFICATE OF SERVICE / OR MAILING

CASE NAME: MONTES-RUIZ,JAVIER _____ vs. UNITED STATES OF AMERICA.

CASE NUMBER: 07CR1164-LAB. _____

I, the undersigned, herby affirmed that on this __28__ day of November _____
__2007___ , I deposited in the recepticle for the United States mail
provided at this Institution for inmates, first class pre-paid
postage, in a sealed envelope and addressed to:

Clerk, of the District Court.
U.S. District Court for the Southern
District of California.
880 Front ST., # 4290.
San Diego,CA 92101-8900.

(1) Original

(2) Copies.

a true and correct copy of the attached document(s) identified as
follows:

DEFENDANT'S OBJECTIONS TO THE
COURT'S IMPOSITION OF
PROBATION/SUPERVISED RELEASE.

In accordance with Houston V. Lack 487 U.S. 266 (1988) these documents
are deemed filed and served as of this date. Pursuant to 28 U.S.C.
§1746(2).  I further declare under the penalty of perjury that the
foregoing is correct and true.

DATED: ____11-28-2007. _____

_____
AFFIANT
MONTES-RUIZ,JAVIER.

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Javier Montes-Ruiz | 2007 DEC -5  PM 4: 30 |
| | United States of America |
| | SOUTHERN DISTRICT OF CALIFORNIA |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**  Kern County
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

DEPUTY

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Javier Montes-Ruiz  84693-198
California City Correctional Center
P.O. Box 2590
California City, CA 93504

**ATTORNEYS (IF KNOWN)**

'07CV 2285    LAB

U.S. Attorney

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

### 28 U.S.C. 2255

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☒ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):

JUDGE    Burns

Docket Number    07crl164-LAB

DATE

SIGNATURE OF ATTORNEY OF RECORD